UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARL LANE,

                              Plaintiff,

v.                                               Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Darl Lane is a natural person residing in the County of Allegany and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff Darl Lane incurred a credit card debt to Capital One. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant NCO was employed by Capital One to collect the subject debt.

13. That in or about March of 2008 through January of 2009, Defendant called Plaintiff on her home telephone multiple times per week in an attempt to collect the subject debt.

14. That also between March of 2008 and January of 2009, Defendant left multiple messages on Plaintiff's answering machine directing Plaintiff to call Defendant at the number provided. Said messages stated "NCO" was calling and NCO is a "debt collector"

15. That many of the aforementioned messages were overheard by Plaintiff's roommate, William Fish. Prior to said messages Mr. Fish was unaware of the subject debt.

16. That as a result of Defendant's acts Plaintiff Darl Lane became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

17. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 16 above.

18. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2), 15 U.S.C. §1692b(3) and 15 U.S.C. §1692c(b) by leaving messages on Plaintiff's answering machine that Mr. Fish overheard.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse and harass.

19. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff Darl Lane became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a)  Actual damages;

(b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff Darl Lane demands trial by jury in this action.

Dated: 1/19/09

/s/Kenneth R. Hiller, Esq.
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Plaintiff Darl Lane affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: January 19, 2009                                    /s/Darl Lane____
                                                           Darl Lane